JOSEPH S. LEVY and Another, Respondents, v. YETTA GINSBERG, Defendant, and 7724 HOLDING CORPORATION, Appellant.—Action to have certain conveyances of real property declared fraudulent and void and set aside and canceled. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

GEORGE LUMSDEN and Another, Individually and on Behalf of All Other Stockholders of LUMSDEN BROS. & TAYLOR, INC., Appellants, v. LUMSDEN BROS. & TAYLOR, INC., and Others, Defendants, and LEO WEINMAN, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion to strike out the first defense setting up an arbitration agreement granted, with ten dollars costs. The cause of action is a derivative one whereby certain stockholders, suing on behalf of themselves and other stockholders, seek relief for alleged wrongful acts of the individual defendants as officers and directors of Lumsden Bros. & Taylor, Inc., in selling, transferring and alienating all of the property of said corporation to defendant David W. Taylor, and in organizing the corporation, Taylor Knit Web Corporation, for the purpose of taking and holding that property, it being alleged that the sole stockholders of the latter corporation are the defendants David W. Taylor and Leo Weinman; and for wrongful acts on the part of said individual defendants in their acts as officers and directors in wasting and dissipating the assets of the first-named corporation to render it insolvent and to defraud its creditors and stockholders. It does not appear how there could be an agreement to arbitrate a controversy of this nature made in advance; and the answer does not set up a copy of the alleged arbitration agreement or state its contents. Such an agreement, if made, is not a defense to the action otherwise than to indicate that a defendant has not waived his right to arbitrate. (*Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97, 98; *Matter of Hosiery Mfrs. Corp.* v. *Goldston*, 238 id. 22; *Matter of Chapman-Kruge Corporation*, 239 App. Div. 795.) If the respondent had a valid arbitration agreement, his remedy is prescribed in sections 3 and 5 of the Arbitration Law, and long ago he should have made a motion to direct that the arbitration proceed and to stay this action. That remedy is still open to him unless he has waived it or is guilty of laches (*Matter of Haupt* v. *Rose*, 265 N. Y. 108); but he cannot plead such arbitration agreement in bar of this action. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

JOHN MCGILL, Appellant, v. ADAM E. FOX, Respondent.—Action to recover for personal injuries resulting from a collision between two motor cars traveling in the same direction. Appeal from judgment in favor of defendant and from order denying plaintiff's motion to set aside the verdict and grant a new trial. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

LOUIS MORANDINI, Respondent, v. JOHN STACEY and Another, Appellants.— Order denying defendants' motion to open their default and vacate judgment entered after inquest affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MERCALDO, Appellant.— Judgment of the County Court of Nassau county, convicting defendant of the crime of burglary in the third degree, unanimously affirmed. Defendant

had theretofore been convicted of crimes of a similar character. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SALERNO, Appellant.— Judgment of the County Court of Nassau county, convicting defendant of the crime of burglary in the third degree, unanimously affirmed. Defendant had theretofore been convicted of crimes of a similar character. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

THOMAS F. RAY, Respondent, v. ARTHUR F. ECKARDT, Appellant.— Judgment in an action for personal injuries suffered by reason of defendant's automobile running over the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

DOUGLAS O. ROBERTSON, Suing for Himself as Stockholder, and All Other Stockholders of MARINE TRANSIT CORPORATION, in Like Situation Who Shall Choose to Make Themselves Parties to This Action, Appellant, v. JOHN D. SCHOONMAKER and Others, Respondents, and NATIONAL MOTORSHIP CORPORATION, Defendant. (Action No. 2.) — Order granting plaintiff's motion, in a derivative action brought by him as a stockholder of defendant Marine Transit Corporation, to strike out, as insufficient in law, the first, fourth and fifth defenses in the respondents' amended answers, denying his motion to strike out the second and third defenses, and granting leave to serve further amended answers setting forth the fourth and fifth defenses as partial defenses and also setting forth an additional complete defense, modified by eliminating therefrom the provision authorizing the service of amended answers setting forth the fourth and fifth defenses as partial defenses and containing an additional complete defense. As so modified the order, in so far as appealed from, is affirmed, without costs. The matter set out in the fourth and fifth defenses and in the suggested new defense, in so far as relevant, may be proved under the denials contained in the amended answers. This disposition makes unnecessary the serving of any further or new pleadings by the defendants. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

EUGENE ROSE, an Infant, by HERMAN ROSE, His Guardian ad Litem, Respondent, v. MARCENT REALTY CORPORATION, Appellant.—Action to recover for personal injuries sustained through the negligence of defendant, the owner of an apartment house, in maintaining a defective automatic elevator. As plaintiff, three years old, was preceding his mother into the elevator, the cab moved and his foot became wedged between the floor of the cab and the side of the shaft. Appeal from judgment in plaintiff's favor. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

FRANK SASSO, Respondent, v. MEACHAM REALTY CORPORATION, Appellant.— Order denying defendant's motion to dismiss the complaint for insufficiency in an action for the specific performance of a contract for the sale of land affirmed, with ten dollars costs and disbursements, with leave to defendant to serve its answer within ten days from service of a copy of the order herein. The contract, dated June 21, 1926, was made between the defendant, as owner of the property, and the plaintiff and his wife, as vendees. The plaintiff's wife died before the delivery of the deed. The complaint demands that plaintiff be adjudged entitled to a conveyance. The court at Special Term denied the motion to dismiss the complaint, holding that, since the vendees were husband and wife, they took as tenants by the